Karin M. Cogbill (State Bar No. 244606)
Isabella L. Shin (State Bar No. 294937)
Elise Dvorochkin (State Bar No. 326360)
JACKSON LEWIS P.C.
160 W. Santa Clara St., Ste. 400
San Jose, California 95113
Telephone: (408) 579-0404
Facsimile: (408) 454-0290
E-Mail: Karin.Cogbill@jacksonlewis.com
         Isabella.Shin@jacksonlewis.com
         Elise.Dvorochkin@jacksonlewis.com

Attorneys for Defendant
CONTRA COSTA ELECTRIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DIAZ, an individual, on behalf of himself, the State of California, and all other aggrieved employees,<br><br>    Plaintiff,<br><br>  v.<br><br>CHEVRON CORPORATION, CONTRA COSTA ELECTRIC, INC., NOOTER CONSTRUCTION COMPANY, NOOTER CORPORATION, and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.<br><br>**DEFENDANT CONTRA COSTA ELECTRIC, INC.'S NOTICE OF REMOVAL**<br><br>State Court Case No. MSC20-00192 |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant Contra Costa Electric ("CCE") hereby removes the above-entitled action to this Court from the Superior Court of the State of California, County of Contra Costa to this Court. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Carlos Diaz ("Plaintiff") and without conceding that Plaintiff has pled claims upon which relief can be granted.

This removal is based on the following grounds:

**I.      RELEVANT PROCEDURAL BACKGROUND**

1.      One January 31, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Alameda, entitled *Carlos Diaz v. Chevron Corporation, et al.,* Case No. C20-00192 (the "Complaint"), a true and correct copy of which is attached hereto as **Exhibit A**.

2.      On February 28, 2020, Defendant CCE filed an Answer to the Complaint, a true and correct copy of which is attached hereto as **Exhibit B**.

3.      On August 19, 2021, Plaintiff field an Amended Complaint, a true and correct copy of which is attached hereto as **Exhibit C**.

4.      On September 22, 2021, Defendant CCE filed an Answer to the Amended Complaint, a true and correct copy of which is attached hereto as **Exhibit D**.

5.      On November 6, 2023, Defendant CCE filed an Amended Answer to the Amended Complaint, a true and correct copy of which is attached hereto as **Exhibit E**.

6.      On September 12, 2024, the Superior Court Approved a settlement as to the claims asserted against Defendant Nooter and entered Judgment on said claims, a true and correct copy of which is attached hereto as **Exhibit F**.

7.      There are no other pleadings filed against Defendant CCE, or on behalf of Defendant CCE.

8.      The attached **Exhibit I** contains a list of all other pleadings received by Defendant in this Action and filed in the Superior Court Action's docket. To Defendants' knowledge, no

1  further process, pleadings, or orders related to this case have been filed in the PAGA Action.[1]

2  ## II.  **PLAINTIFF'S ALLEGATIONS**

3      9.      The First Amended Complaint asserts seven causes of action on behalf of Plaintiff

4  individually, and an Eighth cause of action pursuant to the Private Attorneys General Act of 2004,

5  Labor Code § 2698 *et seq.* ("PAGA") on behalf of himself and other allegedly aggrieved

6  employees.

7      10.     Plaintiff's First Cause of Action alleges that Defendant has a policy and practice of

8  not compensating Plaintiff for all hours worked, including from the time Defendant requires them

9  to report to designated parking lots for employer-mandated travel at the start of their workday to

10  the time they were able to depart from designated parking lots after employer-mandated travel at

11  the end of their workday and all other pre-and post-shift work time. (FAC ¶50).  Plaintiff contends

12  that as a result Defendant violated Wage Order 16 and Labor Code §§ 1194 and 1199, and

13  Defendant owes wages to Plaintiff at his regular rate of pay for all hours worked, as required by

14  Wage Order 16. (FAC ¶50).  Plaintiff seeks these unpaid wages pursuant to Labor Code sections

15  218, 218.5, 1194 and 2810.3. (FAC ¶50).

16      11.     Plaintiff's Second Cause of Action alleges that when Plaintiff departed from

17  designated parking lots at the end of his workday, before the times specified by Defendants for

18  them to remain at the parking lots, Defendants dockets the wages of Plaintiff in increments of time

19  in excess of the amount of time of his early departure. (FAC ¶53).  Plaintiff alleges that the docked

20  increments of time in excess of the time of his early departures were increments of time during

21  which Plaintiff was subject to Defendant's control, and as a result, Defendant failed to compensate

22  Plaintiff for all hours worked. (FAC ¶53).  Plaintiff alleges a violation of Wage Order 16 and Labor

23  Code section 1194 and 1199, and seeks unpaid wages at his regular rate of pay pursuant to Labor

24  Code sections 218, 218.5, 1194 and 2810.3. (FAC ¶54).

25      12.     Plaintiff's Third Cause of Action alleges that "the foregoing conduct" violates

26  Labor Code sections 1182.12, 1194, 1194.2, 1197, 1997.1, 1199 and Wage Order 16, and that

27

28  _____
[1] Given the volume of the Superior Court docket, Defendant will file an appendix to this Notice of Removal containing all Orders signed by the Court.

Plaintiff seeks unpaid minimum wages and liquidated damages. (FAC ¶¶56, 58).

13.     Plaintiff's Fourth Cause of Action is a derivative claim for alleged inaccurate wage statements and records premised on the alleged failure to pay wages. (FAC ¶¶60, 63-64).[2]

14.     Plaintiff's Fifth Cause of Action alleges that Defendant did not timely pay Plaintiff wages earned in violation of Labor Code section 204 and 204b. (FAC ¶66).

15.     Plaintiff's Sixth Cause of Action alleges that Defendant willfully failed to pay Plaintiff all wages due, and as a result seeks wage time penalties pursuant to Labor Code section 203. (FAC ¶¶69, 71).

16.     Plaintiff's Seventh Cause of Action is a derivative claim for alleged unfair competition premised on Defendant's alleged violations of Labor Code section 201, 202, 203, 204, 204b, 226, 226.3, 226.6, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1199 and Wage Order 16.

17.     Plaintiff's Eighth Cause of Action is brought pursuant to PAGA based on the same underlying allegations and Labor Code violations as to Plaintiff individually.

### III.   NOTICE TO PLAINTIFF AND STATE COURT

18.     In accordance with 28 U.S.C. § 1446(d), Defendant's counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on all remaining parties and promptly filed with the Clerk of the Superior Court, County of Contra Costa, as required by 28 U.S.C. § 1446(d).

### IV.   REMOVAL JURISDICTION

19.     This Court has jurisdiction because a federal question exists under Section 301 of the Labor Management Relations Act ("LMRA"), which provides: "Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 20 U.S.C. § 185(a) (hereinafter, "Section 301").

---

[2] Plaintiff worked for CCE until January 10, 2019.  He filed this Action more than a year later, on January 31, 2020.  As such, his Fourth Cause of Action is barred by the statute of limitations.

20.    "Plaintiffs cannot avoid removal by 'artfully pleading' only state law claims that are actually preempted by federal statutes such as section 301 of the Labor Management Relations Act." *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1992) (citation omitted). "Thus, if a state law claim is completely preempted by a federal statute such as section 301, the state law cause of action necessarily becomes a federal one and can be removed." *Id.* Here, the Complaint alleges various violations of the California Labor Code and "applicable Wage Orders," but it neglects to mention that Plaintiff and the allegedly aggrieved employees are bound by valid collective bargaining agreements that govern the wages, hours of work, and working conditions of such employees. The Court is required to look beyond the First Amended Complaint to the CBA documents, which make clear that certain claims are preempted in whole or in part by Section 301. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement artfully pleaded to avoid federal jurisdiction.") (internal quotation marks omitted).

21.    Federal question jurisdiction under Section 301 arises whenever (1) the plaintiff asserts a claim based upon a right conferred upon employees by a CBA, or (2) the resolution of a plaintiff's state-law claims is substantially dependent on the interpretation of a CBA. *Firestone v. So. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

22.    Plaintiff worked for Defendant at the Chevron refinery in Richmond, California from October 22, 2018 until January 10, 2019 as a Pipefitter Journeyman.

23.    Defendant has been, and is, a member of the Northern California Mechanical Contractors Association. The Association and Local Union 342 of the United Association of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry ("Union 342") have at all times relevant, been parties to a CBA.

24.    For the duration of Plaintiff's employment from October 22, 2018 to January 10, 2019, Plaintiff was employed by Defendant in a position in the bargaining unit represented by Union 342. A true and correct copy of the CBA in effect during Plaintiff's employment and applicable to Plaintiff's employment is attached as Exhibit G ("Union 342 CBA").

25.     The provisions of the Union 342 CBA relevant to this Removal include the following:

**Article I: Coverage of Agreement and Recognition of Bargaining Agents**
**5. Recognition of Union** – The Union is recognized as the exclusive collective bargaining representative of all employees and work covered by this Agreement.

**Article II: Employment Procedures**
**32. Grievances** - Any employee or applicant for employment claiming to be personally aggrieved by the application of any of the provisions of this Article, whether by the Union, an Employer Association, or any Individual Employer, must submit the same to the Joint Referral Appeals Committee provided for in Section 33 and 34 hereof.
          **A. Grievance Timeliness** – Grievances must be submitted in writing to the Joint Referral Appeals Committee in care of the Union at 935 Detroit Avenue, Concord, CA 94518 within ten (10) working days of the occurrence giving rise thereto.   Any employee or applicant for employment failing to observe the requirements of this Section 32 shall be deemed to have waived his grievance. Forms for the submission of such grievance shall be available at all times in the offices of the Union and the Employer Associations.

**Article VII Wage and Fringe Benefits**
**64. Wage and Fringe Benefit Schedules**
          **A. Appendix B** – Effective July 1, 2018, the basic hourly wage rate for all classifications of employees covered by this Agreement…shall be as set forth in the wage and fringe schedules attached hereto and made a part hereof as Appendix B…

**Article VIII Work Day – Work Week**
**83. Working Hours and Rest Periods**
          **A. Workday**
                    …
                    2) In the event a project shall be worked on a 4/10 schedule (as prescribed in Section 84-B), the workday shall begin between the hours of 5:00 a.m. and 8:00 a.m. and end after ten and one-half hours with a one-half (1/2) hour unpaid lunch period as close to mid-shift as reasonable possible.  Any change in the starting time or quitting time shall be by mutual agreement between the Individual Employer and the Union Business Office.

**Article XII Working Conditions**
**116. Time of Starting and Ending Work** – Employees shall not be at the Individual Employer's shop, yard, or his place of work ready for work prior to fifteen (15) minutes before ethe commencement of the workday except in an emergency. Employees shall be at their place of work and ready to work at the starting time (which is the gang box, toolbox or place where the foreman gives instructions to employees.)
          **A. Clean up and Quitting Time –** A reasonable amount [of] time will be allowed for employees to clean and secure work area, to put company tools in

6

secured storage area and return to designated parking area by quitting time.
       * * *

    **C. Busing to Job Site** – If an Individual Employer requires employees to be bused to the project site from land designated for parking not contiguous to the Project site, employees will be paid as hours worked from the designated start time until the time they are returned to the parking lot busing location. [See also Section 83-A].

    **124. Payday/Pay on Discharge** – Payday shall be once each week with not more than three (3) days' pay being withheld, except that if because of the size of the job and payroll more time is needed, the time will be extended to not more than five (5) days upon request to the Union involved…When employees are laid off or discharged, they must be paid wages due to them immediately at the time of layoff or discharge in compliance with the California State Labor Code.

*See* **Exhibit G**.

    26.    Throughout the period allegedly at issue in the PAGA claim, allegedly aggrieved employees were union members. Some were governed by the same CBA as Plaintiff, but others were employed pursuant to a subsequent version and/or a different Union CBAs.

    27.    At all relevant times, the unions that collectively bargained the CBAs on behalf of these allegedly aggrieved employees were labor organizations within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5).

    28.    The CBAs expressly provide for (1) the wages, hours of work, and working conditions of employees; (2) premium wage rates for all overtime hours worked; (3) regular hourly rates of pay of not less than 30 percent more than the state minimum wage rate; (4) the timing of payment of wages; and (5) grievance procedures that mandates union employees submit wage and hour disputes to final and binding individual arbitration.  Additionally, some of the CBAs also expressly provide for the preemption of PAGA claims pursuant to Labor Code 2699.6:

    **Section 76. Private Attorneys General Act** – Per Labor Code 2699.6, the Parties agree that the requirements of the Labor Code Private Attorneys General Act of 2004 ("PAGA") are hereby waived in clear and unambiguous terms.

    All violations of the Labor Code which would be redressable pursuant to PAGA can only be redressed through the binding grievance and arbitration provisiosn of this Agreement.

    In order to initiate a claim for a violation of PAGA, the Union shall be permitted to file a grievance within the statutory period for filing PAGA claims, which is presently one year from the date of the violation.  The cost of arbitration shall be

Case No.

borne equally by the parties, in accordance with the terms of this Agreement's grievance and arbitration provisions.

The arbitrator in such cases is authorized to award all remedies otherwise available under PAGA, with the exception that nothing in this PAGA Waiver authorizes the award of penalties under PAGA that would be payable to the Labor and Workforce Development Agency.

Except for a civil action under Labor Code 2699, nothing in this PAGA Waiver waives a member's right to pursue any other civil action against an Individual Employer.

*See e.g.*, **Exhibit H** (Union 342 CBA, effective July 1, 2021).

## V.    SECTION 301 PREEMPTION

29.    Section 301 completely preempts all claims that are based on, or require the interpretation of, a collective bargaining agreement. *United Steelworkers of America v. Rawson*, 495 U.S. 362, 368–69 (1990); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*, 109 F.3d 1353, 1356–57 (9th Cir. 1997) (Section 301 is construed "quite broadly to cover most state-law actions that require interpretation of labor agreements"). "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987); *Allis-Chalmers*, 471 U.S. at 220 (if preempted, the "claim must either be treated as a § 301 claim ... or dismissed").

30.    Section 301 preemption furthers two important federal policies. First, it ensures that the interpretation of collective bargaining agreements remains uniform and independent of state law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements"). Second, the complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process and furthers the strong federal policy that labor disputes "remain[] firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). As articulated in *Burnside v. Kiewit Pacific Corp*., 491 F.3d 1053, 1059-60 (9th Cir. 2007), and as refined in *Curtis v. Irwin Indus., Inc*., 913F.3d 1146,

Case No.

1152 (9th Cir. 2019), the Ninth Circuit applies a two-step test to determine whether a claim is preempted under Section 301.

31.     _Curtis_ Step One. Under the Section 301 preemption analysis, courts must first inquire whether the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA." _Curtis_, 913 F.3d at 1152. Under _Curtis_, where an asserted Labor Code or Wage Order claim is covered by an available collective bargaining exemption – such that there exists no valid underlying state law claim – the inquiry is resolved at this first step in favor of preemption. See, e.g., _Jones v. Sysco Ventura Inc._, 2021 WL 6104193, *7 (C.D. Cal. Sep. 1, 2021); _Giles v. Canus Corp._, 2022 WL 3370793, *4-5 (N.D. Cal. Aug. 16, 2022).

32.     _Curtis_ Step Two. If there is no Section 301 preemption found at the first step, courts proceed to the second step of the analysis, which asks "whether a plaintiff's state law right is substantially dependent on analysis of the CBA." _Curtis_, 913 F.3d at 1153. Under this second step, where there is no applicable collective bargaining agreement exemption, preemption still applies if the resolution of a claim requires interpretation of the collective bargaining agreement.

33.     Whether Plaintiff's operative pleading mentions the CBA is not relevant to the Section 301 preemption analysis. _Curtis_, 913 F.3d at 1152; _Radcliff v. San Diego Gas & Elec. Co_., 519 F. Supp. 3d 743, 750 (S.D. Cal. 2021).

34.     Plaintiff's PAGA Claim and Labor Code Section 2699.6. Plaintiff's PAGA claim is preempted under _Curtis_ Step One, in part, by operation of Labor Code section 2699.6, which provides that PAGA will not apply to an employee in the construction industry with respect to work performed under a valid collective bargaining agreement that expressly provides for wages, hours of work, and working conditions of employees, premium wage rates for all overtime hours worked, and for the employee to receive a regular hourly pay rate of not less than 30 percent more than the state minimum rate, and the agreement does all of the following: (1) prohibits all violations of the Labor code that would be redressable pursuant to PAGA, and provides for a grievance and binding arbitration procedures to redress those violations; (2) expressly waives the requirements of PAGA in clear and unambiguous terms; and (3) authorizes the arbitrator to award any and all remedies otherwise available under this code (except for the award of penalties to the LWDA,

which would not be authorized).  As noted above, effective July 1, 2021 the Union 342 CBAs contains the necessary Labor Code 2699.6 requirements, as do the CBAs for IBEW Local 11, effective July 1, 2019 and District Council 16/Local 250, effective July 1, 2017.  To the extent Plaintiff argues that one or more of the CBAs does not satisfy the requirements of Section 2699.6, then *Curtis* Step Two preemption is also present. *See Allmaras v. University Mechanical Engineering Contractors, Inc.*, 2025 WL 454713 (S.D. Cal. Feb. 11, 2025)("Allmaras II")(finding Section 301 preemption of Plaintiff's PAGA claim because the CBA met the requirements of Section 2699.6).

35.     Plaintiff's Unpaid Wages Claim. Plaintiff's unpaid wages claims are in essence an off-the-clock claim wherein he alleges he was required to report to a designated parking lot and was not paid for time on employer-mandated travel to and from the parking lot. This claim is preempted under *Curtis* Step One because as plead, it stems from Section 5(A) of Wage Order 16. Section 5(D) of Wage Order 16, states however that "this section shall apply to any employees covered by a valid collective bargaining agreement unless the collective bargaining agreement expressly provides otherwise." Here, Section 116 of the Union 342 CBA that governed Plaintiff's employment expressly provides how employer-mandated travel is compensated.  This claim is also preempted under *Curtis* Step Two because, assuming arguendo, Plaintiff does not concede the CBA "expressly provides otherwise," then application will depend on the interpretation of Section 116, and similar provisions in other CBAs (for the PAGA claim as to alleged aggrieved employees). Courts have consistently held that minimum wage/off-the-clock claims are preempted when the CBA contains such provisions regarding "show up pay" and pay for "actual hours worked." *See Rodriguez v. Gonsalves & Santucci, Inc.*, 2022 WL 161892, *5 (N.D. Cal. Jan. 18, 2022) (finding, where plaintiff alleged "defendant failed to pay minimum wages for off-the-clock activity," resolution of minimum wage claim required, "[a]t minimum, ... interpretation of CBA terms such as 'actual hours worked' and 'show up expenses'"); *Giles, supra*, 2022 WL 3370793, *6 (holding minimum wage claim preempted because resolving that claim would require an interpretation of CBA terms "actual time worked" and "show-up pay").

//

36.    <u>Plaintiff's Untimely Payment of Wages Claim</u>. Plaintiff alleges Defendant violated Section 204 and 204b by failing to timely pay all wages due.  However, Labor Code Section 204 does not apply "when employees are covered by a collective bargaining agreement that provides different pay arrangements." Lab. Code § 204(c). Thus, California state law wage payment claims under Section 204 are waivable and negotiable as to a union represented employee. *Hall, supra*, 146 F. Supp. 3d at 1203-4 (holding Section 204 claim preempted under Section 301 where CBA contained its own pay timing rules).  Here, Section 124 of the Union 342 CBA requires a weekly payment with no more than three (3) days being withheld. This arrangement differs from the default bimonthly pay timing rule of Labor Code Section 204(a). Thus, Plaintiff's Section 204 claim is preempted under Section 301. *Hall,* 146 F. Supp. 3d at 1203-04; accord *Ariola v. Raytheon CA Techs Corp.*, 2023 U.S. Dist. LEXIS 158377, *21-*25 (C.D. Cal., Sep. 6, 2023); *Paulk v. Student Transp. Of America, Inc.*, 2024 U.S. Dist. LEXIS 1117914, *9-11 (C.D. Cal. Jul. 3, 2024); *Bradford v. Prof'l Tech. Sec. Servs.*, 2020 WL 2747767, *5 (N.D. Cal. May 27, 2020); *Allmaras v. University Mechanical Engineering Contractors, Inc.*, 2024 WL 486084 (S.D. Cal. Nov. 20, 2024)("Allmaras I")

37.    <u>Plaintiff's Derivative Claims</u>. Plaintiff's Wage Statement Penalties claim under Labor Code Section 226, Waiting Time Penalties claim under Labor Code Sections 201-203, and Section 17200 claim are, in whole or in part, derivative of Plaintiff's claims that are preempted under Section 301 for the reasons described above. Derivative claims are preempted under Section 301 for this reason. *Giles*, supra, 2022 WL 3370793, *6-7; *Rodriguez, supra*, 2022 WL 161892, *6; *Mellon, supra*, 2022 WL 4021692, *5; *Jimenez v. Young's Mkt. Co*., 2021 WL 5999082, *13 (N.D. Cal. Dec. 20, 2021); *Vasquez v. Packaging Corp. of Am*., 2019 WL 4543106, *4 (C.D. Cal. Jun. 7, 2019). Notably, these claims would be preempted under Section 301 in any event, under Step Two of the *Curtis* analysis, because such claims require the interpretation and application of provisions regarding the timely payment of wages to both current and departing employees in the Union 342 CBA. *See Curtis*, 913 F.3d at 1153. But the Step Two analysis is unnecessary where, as here, preemption under Step One is so clear.

//

38.    <u>Plaintiff's PAGA Claim</u>. For PAGA claims, the Section 301 preemption analysis turns on whether the underlying Labor Code claims are preempted. *See Radcliff v. San Diego Gas & Elec Co.*, 519 F. Supp. 3d 743, 751-752 (S.D. Cal. 2021) (denying plaintiff's motion to remand, as a PAGA action based on a preempted labor code is preempted under Section 301); *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, 2022 WL 707206, *4 (C.D. Cal. Mar. 8, 2022) (denying motion to remand PAGA case because the defendants' CBA with the aggrieved employees satisfy the requirements in section 514 and the Plaintiff's meal break is completely preempted by section 301 of the LMRA and the court had federal jurisdiction over the claim); *Chatman v. Wedriveu, Inc.*, 2022 U.S. Dist Lexis 199533 at *18-19 (holding that court had jurisdiction over the PAGA case because plaintiff's PAGA claims are partly derivative of preempted overtime, meal period, and sick leave claims); *Jimenez v. Young Mkt. Co*., 2021 U.S. Dist. LEXIS242424 at *19 (N.D. Cal. Dec. 20, 2021) ("[I]f there are multiple claims underlying the sole PAGA claim, the district courts consider the preemption issue for each claim separately"); *Rodriguez v. USF Reddaway Inc.*, 2022 WL 18012518 at *5 (E.D. Cal. Dec 30, 2022) (holding that the court has federal question jurisdiction over plaintiff's PAGA claim to the extent it was based on preempted overtime, meal period, and failure to timely pay wages claims); *Sachs v. Pankow Operating, Inc*., 2022 U.S. Dist. Lexis 29328 *15 (C.D. Cal Feb. 16 2022) (holding that court had jurisdiction over plaintiff's PAGA claim because it had jurisdiction over two underlying labor code claims); *Blackwell v. Com. Refrigeration Specialists, Inc.*, 2021 U.S. Dist. LEXIS 119212 *10- 13 (E.D. Cal. June 25, 2021) (finding that Plaintiff's argument that section 301 preemption doesn't apply because he asserted a pure PAGA action was unpersuasive because plaintiff's claim rests upon multiple discreet claims and the court typically applies the Section 301 analysis to each discreet claim); *Franco v. E-3 Sys*., 2019 U.S. Dist. LEXIS 195396, *11 (N.D. Cal Nov. 8, 2019) ("PAGA claims are derivative of the predicate California Labor Code Violations, and therefore rise and fall with those underlying claims.").) As addressed above, because the underlying Labor Code claims are, in large part, preempted by Section 301, Plaintiff's entire PAGA action is preempted.

## VI.    **SUPPLEMENTAL JURISDICTION**

39.    To the extent any portion of Plaintiff's claims are not directly removable under 28

U.S.C. § 1331 in light of LMRA preemption, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they are part of the same common nucleus of operative facts over which this Court has original jurisdiction.

## VII.    VENUE

40.    "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a).   As stated above, Plaintiff brought this action in California Superior Court, County of Contra Costa.   Thus, venue properly lies in the United States District Court for the Northern District of California.   28 U.S.C. §§ 84(a), 1441(a).

## VIII.    TIMELINESSS OF REMOVAL

41.    Pursuant to 28 U.S.C. Section 1441, the notice of removal is to be filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.   Where no such pleading, motion or other paper has been served on Defendant, the deadline to remove has not been triggered and subsequent removal is timely. *See e.g. Lyons v. Benson Industries, Inc.*, 2025 WL 908525 (N.D. Cal. March 17, 2025) (finding removal timely more than a year after action filed); *Lainez v. Wilhelm, LLC*, 2024 U.S. Dist. LEXIS 173859 (N.D. Cal. September 25, 2024); *Roth v. CHA Hollywood Med. Ctr., L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013) (a defendant is permitted "to remove outside the two thirty-day periods on the basis of its own information"); *see also Anaya v. Mars Petcare US, Inc*., 2021 WL 5578724, at *4 (C.D. Cal. Nov. 29, 2021) (recognizing that the Ninth Circuit has held that "when the pleadings are indeterminate and no other paper clarifies the grounds for removal, defendants have no duty to investigate and may remove any time").

## IX.    CONCLUSION

42.    Based on the foregoing, Defendant maintains that this action is properly removed to this Court.

//

1   Dated:  April 14, 2025                          JACKSON LEWIS P.C.

2

3                                                   By: _____
                                                        Karin M. Cogbill
4                                                       Attorneys for Defendant
                                                        CONTRA COSTA ELECTRIC, INC.
5

6

7

8

9

10  4919-0348-0876, v. 1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28