1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7        CARLOS DIAZ,                                    Case No.  25-cv-03327-EMC

8                        Plaintiff,
                                                         **SECOND ORDER RE REMOVAL**
9                v.

10       CHEVRON CORPORATION, et al.,                    Docket No. 17

11                       Defendants.

12

13

14            Previously, the Court issued an order asking the removing defendant, Contra Costa

15    Electric, Inc. ("CCE") to address questions related to its removal of this case from state to federal

16    court. *See* Docket No. 16 (order).  The Court essentially asked CCE to address two issues, one

17    related to whether the other defendants in the case had consented to removal, and the other related

18    to the timeliness of CCE's removal.  CCE has now filed its response brief.

19            Having reviewed that brief, the Court still has some concerns, in particular, regarding the

20    timeliness of removal.  To be sure, CCE did not have a *duty* to investigate as to whether there was

21    a basis for removability.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)

22    (stating that "notice of removability under § 1446(b) is determined through examination of the

23    four corners of the applicable pleadings, not through subjective knowledge or a duty to make

24    further inquiry").  Also, the Ninth Circuit has held that, "a defendant who has not lost the right to

25    remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3)[1] may

26

27    _____

      [1] Section 1446(b)(1) provides: "The notice of removal . . . shall be filed within 30 days after the
      receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting
28    forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).
      Section 1446(b)(3) provides:

United States District Court
Northern District of California

United States District Court
Northern District of California

1    remove to federal court when it [*does*] discover[], based on its own investigation, that a case is

2    removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013)

3    (emphasis added); *see also Lainez v. Wilhelm, LLC*, No. 4:23-cv-04421-KAW, 2024 U.S. Dist.

4    LEXIS 173859, at *9 (N.D. Cal. Sept. 25, 2024) (noting that, under *Roth*, a "[d]efendant is

5    permitted to file a notice of removal outside of the two enumerated, 30-day periods based on its

6    own information"). But *Roth* did not hold that a defendant has no time constraints in removing

7    when it does discover that a case is removable. *Compare id.* at *4 (where defendant removed on

8    the basis that there was preemption under the Labor Management Relations Act, noting that

9    defendant removed to federal court within thirty days of discovering that plaintiff was a unionized

10   member of a certain local union); *see also Roth*, 720 F.3d at 1125 (recognizing a concern that a

11   defendant might "seek removal only when it becomes strategically advantageous for it to do so").

12   And in its brief, CCE does not address when it discovered that Plaintiff was a union member,

13   thereby giving rise to its claim that removal was proper based on LMRA preemption.

14       Notwithstanding the Court's concern on timeliness, it recognizes that "[a] district court

15   may only remand a case to state court for procedural defects 'upon a timely motion to remand.'"

16   *Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1121 (9th Cir. 2023) (noting that, under 28 U.S.C. §

17   1447(c), a motion to remand on the basis of any defect other than lack of subject matter

18   jurisdiction, must be made within 30 days after the filing of the notice of removal and that, "[i]f a

19   plaintiff objects to removal for a defendant's failure to meet the removal deadline, he must do so in

20   a timely motion to remand"; "'the [thirty-day] statutory time limit for removal petitions is merely

21   a formal and modal requirement and is not jurisdictional'"). Here, Plaintiff did not move to

22   remand on the basis that removal was untimely. *See* Moore's Fed. Prac. – Civ. § 107.151 ("Most

23   courts now correctly hold that a district court may not remand a removed case on its own motion

---

25
26      [I]f the case stated by the initial pleading is not removable, a notice
        of removal may be filed within 30 days after receipt by the
        defendant, through service or otherwise, of a copy of an amended
27      pleading, motion, order or other paper from which it may first be
        ascertained that the case is one which is or has become removable.

28   *Id.* § 1446(b)(3).

United States District Court
Northern District of California

1  based on defects in the removal procedure.  These courts emphasize that the statute specifically

2  assigns to the court concern for subject matter jurisdiction issues, which may not be waived, and

3  to the parties (by virtue of the inclusion of the word 'motion') care for procedural formalities,

4  which are waivable and do not affect jurisdiction.  Thus, a district court has no inherent authority

5  to remand sua sponte for procedural defects, even within the 30-day period after the filing of the

6  notice of removal; only parties may seek remand based on defects in the removal procedure.").

7  Nor did Plaintiff move to remand on the basis that CCE waived its right to remove by taking

8  action in state court manifesting an intent to have the matter adjudicated there and to abandon the

9  right to a federal forum.  *See Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018)

10  (indicating that waiver of the right to remove does not implicate a court's original jurisdiction and

11  thus district court exceeded its statutory authority in remanding *sua sponte* on nonjurisdictional

12  ground).[2]

13       Accordingly, at this juncture, there is no basis for a remand.

14

15       **IT IS SO ORDERED**.

16

17  Dated: June 10, 2025

18

19  _____

20       EDWARD M. CHEN
         United States District Judge

21

22

23

24

25  [2] *See also Christ v. Blackwell*, No. 2:10-cv-0760 EFB P, 2013 U.S. Dist. LEXIS 68595, at *2

26  (E.D. Cal. May 14, 2013) (stating that "failure to comply with the rule [requiring consent of all defendants] is a procedural, non-jurisdictional defect that must be addressed by a motion to remand made within 30 days after the filing of the notice of removal"); *accord* Moore's Fed. Prac.

27  – Civ. § 107.42[5] (stating that "[t]he failure of all defendants to join in the removal notice constitutes a procedural defect[;] [i]f there is no objection to the defect within 30 days after the

28  removal notice is filed, most courts properly hold that the objection is waived").

3