| | |
|---|---|
| Jahan C. Sagafi (SBN 224887)<br>Kaelyn Mahar (SBN 338257)<br>**OUTTEN & GOLDEN LLP**<br>One California Street, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 638-8800<br>Facsimile: (415) 638-8810<br>Email: jsagafi@outtengolden.com<br>Email: mfrandsen@outtengolden.com<br><br>Steven Elster (SBN 227545)<br>**LAW OFFICE OF STEVEN ELSTER**<br>785/E2 Oak Grove Road, No. 201<br>Concord, CA 94518<br>Telephone: (925) 324-2159<br>Email : steve.elster.law@gmail.com<br><br>*Attorneys for Plaintiff, the State of California, and all other Aggrieved Employees* | Karin M. Cogbill (SBN 244606)<br>Isabella L. Shin (SBN 294937)<br>Elise Dvorochkin (SBN 326360)<br>**JACKSON LEWIS P.C.**<br>160 W. Santa Clara St., Ste. 400<br>San Jose, California 95113<br>Telephone: (408) 579-0404<br>Facsimile: (408) 454-0290<br>Email: Karin.Cogbill@jacksonlewis.com<br>Email: Isabella.Shin@jacksonlewis.com<br>Email: Elise.Dvorochkin@jacksonlewis.com<br><br>*Attorneys for Defendant Contra Costa Electric, Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS DIAZ, an individual, on behalf of himself, the State of California, and all other aggrieved employees,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONTRA COSTA ELECTRIC, INC., NOOTER CONSTRUCTION COMPANY, NOOTER CORPORATION, and DOES 1-100, inclusive<br><br>　　　　Defendants. | Case No. 25-cv-03327-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 19, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge: Honorable Edward M. Chen |

Plaintiff Carlos Diaz ("Plaintiff" or "Diaz"), and Defendant Contra Costa Electric, Inc. ("Defendant" or "CCE") (collectively, the "parties"), having met and conferred, submit this Joint Case Management Statement pursuant to the Clerk's Notice of Reassigned Case and New Hearing Date, in advance of the Initial Case Management Conference set for August 19, 2025.

**1.     Jurisdiction and Service**

Plaintiff properly served CCE with Plaintiff's First Amended Complaint ("FAC"). ECF 1-3. CCE filed its Amended Answer. ECF 1-5.

*Plaintiff's Statement*

As noted below, Plaintiff believes that removal was improper. However, to avoid further delay, Plaintiff elected not to seek remand.

*CCE's Statement*

This Court has jurisdiction. *See* ECF-18.

**2.     Factual and Procedural Background**

*Plaintiff's Statement*

Claims

Plaintiff and Aggrieved Employees worked for CCE as its employees, performing oil refinery construction and maintenance services at Chevron's refineries in Richmond and El Segundo, California. CCE, along with many other companies, performs services for Chevron as a third-party contractor by employing workers to perform work at the Chevron refineries. Plaintiff alleges that, CCE required him and Aggrieved Employees to perform unpaid off-the-clock work in violation of California law, including (1) requiring them to use employer-mandated travel modes (e.g., buses) to and from worksites inside the Chevron refineries before and after their shifts, without pay, (2) requiring them to don and doff special protective clothing and gear before and after each shift, without pay, and (3) underpaying them when they clocked out of shifts early (e.g., docking pay by 15 minutes when the individual leaves one or two minutes early).

Plaintiff pursues (1) representative claims under California's Private Attorneys General

Act, Labor Code §§ 2698, *et seq.* ("PAGA") on behalf of himself and all Aggrieved Employees who worked for CCE at Chevron's Richmond and El Segundo refineries and (2) individual claims under the California Labor Code for the same wrongdoing.

<u>Two parallel actions:  *Diaz* (Contra Costa Co.) and *Clayborne* (N.D. Cal.)</u>

On October 2, 2019, a different plaintiff who performed similar work and suffered similar violations filed a class and PAGA action against Chevron and two other contractors. *Clayborne v. Chevron*, No. 19-cv-07624-JSW, N.D. Cal.

On January 31, 2020, Plaintiff filed this action ("*Diaz*") in Contra Costa County Superior Court against Chevron, CCE, and Nooter.  Plaintiff's underlying PAGA notice described the off-the-clock violations listed above both with specificity (noting his individual experience) and with sufficient generality to make clear that he would pursue PAGA claims for similarly situated individuals.  The complaint did the same.  On February 28, 2020, CCE answered.

<u>Coordination of the two actions</u>

Because of the factual and legal overlap of the cases, the *Clayborne* federal action implicated the alleged wrongdoing and obligations of CCE and other *Diaz* defendants. Specifically, it was possible that the *Clayborne* federal litigation could create clarity regarding the third-party contractors' liability in *Diaz*, and/or the *Clayborne* settlement discussions could result in a global settlement affecting the *Diaz* defendants' liability.  Therefore, Plaintiff and Chevron focused on the *Clayborne* litigation and settlement discussions.  At the outset, CCE stated that it would not participate in discovery until *Clayborne* was further developed.  Given the overlap in cases, Plaintiff generally accommodated CCE's request, and *Diaz* was informally stayed during the negotiation of and approval process of the *Clayborne* settlement.  CCE did produce some documents in 2020.

In 2022, *Clayborne* was settled in full on a classwide basis.  The two covered defendants were Chevron and a contractor not relevant here (Newtron).  The settlement became final in 2023.

In *Diaz*, Plaintiff, CCE, and Nooter attended joint mediation on September 5, 2023.  The action did not resolve, but Plaintiff and Nooter continued discussions and settled the PAGA

claims on a representative basis in 2024. By contrast, CCE has continued to litigate the claims, serially raising new arguments over the course of the last two years that it had not raised initially.

First, CCE (like Nooter) maintained that its liability had been completely absolved by the *Clayborne* settlement. Consequently, Plaintiff moved for summary adjudication to dispose of CCE's and Nooter's defenses, asking the Superior Court to confirm that the *Clayborne* settlement release was limited to the two named defendants in *Clayborne* (Chevron and Newtron). While this Motion was pending, the court stayed discovery from September 25, 2023 to June 12, 2024. On May 16, 2024, the court granted Plaintiff's motion in whole, disposing of CCE's argument.

Second, in 2024 (four years into the litigation), CCE began arguing that the action should be limited to a subset of the Aggrieved Employees (namely, those who enter the Richmond refinery via the particular route used by Plaintiff Diaz), and the action should exclude the Aggrieved Employees who entered the Richmond refinery via a different route or who worked at the El Segundo refinery, based on CCE's improper reading of Plaintiff's 2019 PAGA notice. CCE's argument essentially rehashes Chevron's unsuccessful motion to strike in *Diaz* in 2021 (seeking to carve out the El Segundo refinery based on Chevron's improper reading of the PAGA notice), which the Superior Court denied in 2022. Despite having previously produced some discovery regarding the employees that CCE now says are not in the case, CCE has now refused to produce such discovery, under this logic.

In 2024, Plaintiff filed his first motion to compel in *Diaz*. The Superior Court ordered the parties to a discovery referee. On March 14, 2025, Plaintiff and CCE met with Discovery Referee Diana Kruze, Esq. The Discovery Referee facilitated agreement between Plaintiff and CCE but did not issue a ruling. On March 21, CCE wrote to confirm its agreement to produce certain categories of discovery. Plaintiff provided a draft stipulation memorializing the agreement, but CCE did not respond substantively and produced no discovery.

Third, in 2025, CCE for the first time invoked the CBA as a basis to limit liability and remove the case to this Court, without providing an explanation of the legal justification of its new position.

4

While the parties were discussing discovery issues and CCE's new merits arguments, CCE removed the action to this Court.[1]

*CCE's Statement*

Plaintiff Diaz worked for CCE at the Chevron refinery in Richmond, California for a limited period of time from October 22, 2018 to January 10, 2019. On October 25, 2019, Plaintiff submitted a PAGA Notice to the LWDA, in which Plaintiff outlined the three situations where there was an alleged failure to pay wages, which all tie directly to an alleged requirement for employees to report to employer-controlled parking lots at specific times in order to be transported via buses to Chevron owned or controlled work sites each day, and back to the parking lot at the end of the shift. CCE has consistently maintained throughout this litigation that factually only employees who parked at the Kellem lot at the Richmond refinery were transported via buses from the parking lot to the designated worksite, and that Plaintiff's factual premise for liability does not apply to employees working at the refinery in El Segundo, or those who parked at the Gate 91 parking lot. Plaintiff's recitation of his claims as stated above deviates from both his PAGA letter and the operative Complaint as he tries to expand them to avoid CCE's forthcoming motion for summary adjudication. Nor was this issue raised, or decided by a demurrer filed previously by another defendant. Prior to removal, Plaintiff agreed to have this issue adjudicated, and to that end, CCE is preparing to file a motion for summary adjudication.

CCE has also maintained that for certain employees, the CBA which governed their employment, contains an exception to PAGA pursuant to Labor Code section 2699.6. Plaintiff has refused to exclude those employees from this PAGA only action, and as such CCE is preparing to file a motion for summary adjudication on that issue as well.

**3.    Legal Issues**

*Plaintiff's Statement*

The main legal issues are (1) whether CCE unlawfully failed to pay Plaintiff and

---

[1] CCE invoked the CBA as the basis for its 2025 removal, despite knowing Plaintiff's union membership for at least half a decade. *See, e.g.* CCE's Answer (Feb. 28, 2020) ("Plaintiff's employment was at all times subject to a CBA. . . .") ECF 1-2, ¶ 8.

5

aggrieved employees for all hours worked by failing to pay them for employer-mandated waiting time, travel time, and donning and doffing time before and after their shifts and by docking their wages for early departures by more than the amount of time of their early departures (Labor Code § 1199 and Wage Order 16); (2) whether CCE failed to pay minimum wages for all hours worked (Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1, 1199 & Wage Order 16); (3) whether CCE is liable for derivative claims under the California Labor Code (failure to provide accurate wage statements, failure to keep proper payroll records, failure to pay all wages each payday, failure to timely pay wages upon termination); and (4) whether CCE's violations trigger penalties under California's Private Attorneys General Act, Labor Code §§ 2698, *et seq.* ("PAGA"). The action asserts PAGA claims for Plaintiff and Aggrieved Employees as well as individual non-PAGA claims for Plaintiff individually.

*CCE's Statement*

This is a PAGA only action, and as noted above, there are two threshold issues concerning the scope of the claim as to certain alleged aggrieved employees: (1) whether the factual allegations asserted in Plaintiff's PAGA letter and operative complaint apply to only a subset of alleged aggrieved employees; and (2) whether a PAGA claim on behalf of a subset of alleged aggrieved employees in preempted. Once those issues are decided, then the remaining legal claim is whether Plaintiff has established that any of the alleged Labor Code sections were violated, and if so, whether any civil penalties under PAGA should be assessed.

**4.     Motions**

*Plaintiff's Statement*

Plaintiff may need to re-file his 2023 motion to compel if CCE continues to renege on its discovery agreement on the basis that the action should be limited to a subset of the Aggrieved Employees at one of the two covered refineries.

To the extent that CCE wishes to assert its PAGA scope argument and its CBA preemption argument, Plaintiff too wishes to move for summary adjudication and/or to strike. Rather than have dueling motions with six briefs, Plaintiff submits that the parties can both be

1  fully heard in four briefs, with CCE filing a motion, Plaintiff filing an opposition/motion, CCE
2  filing a reply/opposition, and Plaintiff filing a reply.  Given the length of litigation to date,
3  Federal Rule of Civil Procedure 1 supports such an efficient approach.
4      *CCE's Statement*
5  CCE has met and conferred with Plaintiff regarding its forthcoming motion for summary
6  adjudication, and with the Court's permission, believes that motion should be decided first as the
7  outcome will determine which alleged aggrieved employees, and for which time period(s)
8  remain in the case.
9  **5.    Amendment of Pleadings**
10     *Plaintiff's Statement*
11  Plaintiff does not anticipate amending the FAC.
12     *CCE's Statement*
13  CCE does not anticipate an amendment to its answer.
14  **6.    Evidence Preservation**
15  The parties have reviewed the Guidelines Relating to the Discovery of Electronically
16  Stored Information ("ESI Guidelines").  The parties have also met and conferred pursuant to Fed.
17  R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant
18  to the issues reasonably evident in this action.
19  **7.    Disclosures**
20  The Parties agreed to exchange initial disclosures by August 29, 2025.
21  **8.    Discovery**
22  The parties currently do not anticipate that any changes should be made in the limitations
23  on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules and
24  currently do not request that other limitations be imposed.
25     *Plaintiff's Statement*
26  In 2020, 2022, and 2024, Plaintiff served document requests and interrogatories on CCE.
27  In 2024, Plaintiff served a deposition notice pursuant to the California equivalent of Rule
28  30(b)(6).  During the litigation, CCE has produced few documents and zero deposition witnesses.

On May 31, 2024, Plaintiff wrote CCE detailing the deficiencies in its production ("Discovery Deficiency Letter").

*CCE's Statement*

The Parties have already engaged in discovery, although CCE will conduct additional discovery following the summary adjudication motion.

**9.   Related Cases**

The parties are not aware of any pending related cases.

**10.  Relief**

As more fully set out in the FAC, Plaintiff seeks damages for his own individual claims for violations of the Labor Code, and claims for civil penalties under PAGA on behalf of himself, the State of California and aggrieved employees, as well as attorneys' fees and costs, a reasonable service award for Plaintiff, and such other relief as the Court may deem just and proper.

CCE denies Plaintiff, or the alleged aggrieved employees or entitled to any relief.

**11.  Settlement And ADR**

The parties engaged in a private mediation with the Honorable Judge Ronald Sabraw (ret.) on September 5, 2023.  Soon afterwards, Plaintiff's and Aggrieved Employees' claims against defendant Nooter were settled.  Plaintiff and CCE have been unable to reach a resolution.

The parties have met and conferred regarding ADR pursuant to Civil Local Rule 16-8 and ADR Local Rule 3-5 and have reviewed the ADR procedures in ADR Local Rule 3-5.

**12.  Consent to Magistrate Judge for All Purposes**

Plaintiff consented to Magistrate Judge Donna M. Ryu for all purposes.  CCE declined to consent.

**13.  Other References**

The parties do not believe other references (e.g., binding arbitration, a special master, the Judicial Panel on Multidistrict Litigation) are necessary at this time.

**14.  Narrowing of Issues**

The parties do not believe any issues can be narrowed by agreement at this time but will

1  continue to evaluate how they can efficiently narrow issues as they arise.

2  CCE believes that the scope of alleged aggrieved employees can be narrowed by motion,

3  and is prepared to file a motion for summary adjudication.

4  **15.  Expedited Trial Procedure**

5  The parties do not believe that this case can be handled under the Expedited Trial

6  Procedure of General Order No. 64 at this time.

7  **16.  Scheduling**

8  Plaintiff proposes that the pending discovery issues be promptly decided, in conjunction

9  with the summary adjudication issues, which CCE acknowledges cannot fully dispose of the

10  action.

11  CCE proposes setting a discovery schedule after CCE's motion for summary adjudication

12  is decided.

13  **17.  Trial**

14  The parties believe that it is premature to decide the schedule or length of trial.

15  **18.  Disclosure of Non-party Interested Entities or Persons**

16  Plaintiff does not plan to file a Certificate of Non-party Interested Entities or Persons.

17  CCE filed its disclosures on April 14, 2025.  ECF-2.

18  **19.  Professional Conduct**

19  All attorneys of record for the parties have reviewed the Guidelines for Professional

20  Conduct for the Northern District of California and agree to abide by them.

21  **20.  Other Matters**

22  *Plaintiff's Statement*

23  In light of the long history of the action, Plaintiff respectfully requests that the Court (1)

24  order CCE to produce the discovery it has agreed to produce ("we can agree to produce

25  agreements between CCE and Chevron (if not already provided), communications to employees

26  regarding busing between designated parking lots and worksites regarding schedules, routes,

27  departure and arrival times, gate logs, payroll records, and electronically available timekeeping

28  data"), (2) order Plaintiff to file a statement confirming full implementation of the Nooter

settlement and, if that statement is satisfactory to the Court, order that the administrator can release the remaining attorneys' fees held back pending implementation,[2] (3) order the parties to present, at the next CMC, (a) confirmation of fulfillment of CCE's discovery obligations, (b) a list of all defenses CCE truly wishes to seriously pursue and (c) a proposal for how those defenses can be efficiently adjudicated and the parties can return to settlement discussions, and (4) set a briefing schedule for each of the parties' two briefs regarding the PAGA scope and CBA preemption issues.

*CCE's Statement*

As noted above, with the Court's permission, CCE is prepared to file a motion for summary judgment regarding the scope of the alleged aggrieved employees at issue, which will then impact the scope of any remaining discovery needed as to the remaining alleged aggrieved employees.

Dated: August 12, 2025

Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By: /s/ *Jahan C. Sagafi*
Jahan C. Sagafi (SBN 224887)
Kaelyn Maher (SBN 338257)
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com
Email: kmahar@outtengolden.com

**LAW OFFICE OF STEVEN ELSTER**
Steven Elster
785/E2 Oak Grove Road, #201
Concord, CA 94518
Telephone: (925) 324-2159
Email: steve.elster.law@gmail.com

*Attorneys for Plaintiff, the State of California, and all other Aggrieved Employees*

---

[2] At the time of the April 2025 removal, a compliance hearing was on calendar for May 2025 at which the state court would confirm implementation of Plaintiff's PAGA settlement with Nooter. The court had ordered that 10% of the attorney's fees it had approved be withheld pending the compliance hearing. The Nooter settlement has been fully and properly implemented.

|   |   |
|---|---|
| 1 | |
| 2 | **JACKSON LEWIS P.C.**<br>By: /s/ *Karin M. Cogbill* |
| 3 | Karin M. Cogbill (SBN 224606)<br>Isabella L. Shin (SBN 294937) |
| 4 | Elise Dvorochkin (SBN 326360)<br>160 W. Santa Clara St., Ste. 400 |
| 5 | San Jose, California 95113<br>Telephone: (408) 579-0404 |
| 6 | Facsimile: (408) 454-0290<br>Email: Karin.Cogbill@jacksonlewis.com |
| 7 | Email: Isabella.Shin@jacksonlewis.com<br>Email: Elise.Dvorochkin@jacksonlewis.com |
| 8 | *Attorneys for Defendant Contra Costa Electric, Inc.* |

### CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES

I, Karin M. Cogbill, am the ECF user whose ID and password are being used to file this Joint Case Management Statement. In compliance with N.D. Cal. Civ. L.R, 5-1(i)(3), I hereby attest that I have obtained the concurrence of each signatory to this document and have obtained authorization to use their electronic signature to sign this document.

Date:  August 12, 2025                                   JACKSON LEWIS P.C.

                                                         By:   /s/ Karin M. Cogbill
                                                                  Karin M. Cogbill

4916-2509-0398, v. 1

11