UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DIAZ,<br>        Plaintiff,<br>    v.<br>CHEVRON CORPORATION, et al.,<br>        Defendants. | Case No. 25-cv-03327-EMC<br><br>**ORDER RE PLAINTIFF'S COMPLIANCE STATEMENT**<br><br>Docket No. 28 |

The Court has reviewed Plaintiff's compliance statement. In the statement, Plaintiff asks the Court to award the final disbursements under the settlement agreement with Nooter, which the state court approved. (The final disbursements are a partial fee award and a cy pres award.)

It is not clear that this Court has jurisdiction to award the final disbursements. Plaintiff has cited 28 U.S.C. § 1450. There is authority indicating that, because of § 1450, a federal court may vacate a default judgment issued by a state court if the case is removed to federal court after final judgment. *See Butner v. Neustadter*, 324 F.2d 783, 785-86 (9th Cir. 1963) (stating that "[f]he federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court, and, "[t]herefore, this default judgment should be treated as though it had been validly rendered in the federal proceeding," but a party can file "a motion to set aside a default . . . under Fed. R. Civ. P. 60(b) because of mistake, inadvertence, surprise, or excusable neglect"). The instant case, however, is different because a final judgment was issued based on a settlement agreement *and* the state court explicitly retained jurisdiction to interpret, implement, and enforce matters related to the settlement agreement. *See* Docket No. 28-2 (St. Ct. Order at 3). It is not like a default judgment which is readily subject to being set aside.

Under these circumstances, the Court severs Plaintiff's claims against Nooter pursuant to Federal Rule of Civil Procedure 21.  *See* 4 Moore's Fed. Prac. – Civ. § 21.05 (noting that, even though the title of Rule 21 refers to misjoinder and nonjoinder, "the courts agree that Rule 21 may apply even in the absence of misjoinder or nonjoinder"; "Rule 21 gives the court tools to jettison those parties and claims that are not within its jurisdiction or that are not conveniently prosecuted together, preserving parties and claims that are properly before it").  The claims against Nooter are remanded to the state court, and Plaintiff may seek his relief (*i.e.*, the final disbursements) from the state court who retained jurisdiction over matters related to the settlement agreement.

This order disposes of Docket No. 28.

**IT IS SO ORDERED**.

Dated: September 9, 2025

_____
EDWARD M. CHEN
United States District Judge